# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:15CR00015-006 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JOHN ROMA BRYAN, III,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Erin M. Kulpa, Assistant United States Attorney, Charlottesville, Virginia, for United States; John Roma Bryan, III, Defendant Pro Se.*

The defendant, John Roma Bryan III, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the defendant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty, the defendant was sentenced by this court on October 18, 2016, to a total term of 72 months imprisonment, consisting of 12 months on Count One of the Indictment, to be followed by a term of 60 months on Count Twenty. Count One charged the defendant with conspiring to distribute and possess with intent to distribute Alpha-pyrrolidinopentiophenone ("Alpha-PVP"), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and Count Twenty charged him with possession of a firearm in furtherance of a drug-trafficking crime or the use or carrying of a firearm during and in relation to a drug-trafficking crime, in violation

of 18 U.S.C. § 924(c). His sentence was within the range calculated under the Sentencing Guidelines but was at the high end of the range.

In his § 2255 motion, the defendant contends that his conviction and sentence were the result of ineffective assistance of counsel. In his first ground, he asserts that he did not possess the required mens rea to be convicted of Counts One and Twenty with respect to Alpha-PVP, which was listed as a controlled substance on March 7, 2014, and prior to that date was a controlled substance analogue under the Controlled Substance Analogue Enforcement Act ("CSAEA"), 21 U.S.C. §§ 802(32) and 813. In his second ground, Bryan claims that the crime to which he pled guilty in Count Twenty does not exist. Finally, in his third ground, he asserts that counsel was ineffective in failing to attempt to have him sentenced before he finished serving a related state sentence so that he would be eligible for a reduction in his federal sentence under U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3(b)(1).

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant

bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687.

To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Bryan contends he did not have the knowledge required under *McFadden v. United States*, 135 S. Ct. 2298, 2305 (2015), because he did not know that Alpha-PVP was treated as a controlled substance, nor did he know that Alpha-PVP had a chemical structure substantially similar to the chemical structure of a Schedule I or II controlled substance. According to Bryan, his counsel provided ineffective assistance by allowing him to plead guilty to a crime for which he did not possess the required mens rea. He further asserts that at the time he was found to be in possession of a firearm on March 8, 2014, he did not actually possess Alpha-PVP and his coconspirator Rick Hillman was not actually distributing Alpha-PVP from Bryan's home where the firearm was found.

Bryan misconstrues *McFadden*'s holding. In *McFadden*, the Supreme Court held that one way the offense's knowledge requirement can be established is "by evidence that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue." *Id.* Thus, the government is not necessarily required to show that the defendant knew that the substance's chemical structure and effect were substantially similar to a controlled substance. Even if that knowledge were required, it could be shown by circumstantial evidence.

During his plea colloquy, Bryan testified that he was fully satisfied with his attorney's representation. He stated that he was pleading guilty because he was in fact guilty. When asked to describe in his own words why he was guilty, Bryan

stated, "I bought and sold bath salts while in possession of a firearm." Guilty Plea Hr'g Tr. 53, ECF No. 947. In describing the evidence against Bryan, the prosecutor proffered that

> [F]rom Mr. Bryan's cell phone . . . there was discussion about trading alpha-PVP in exchange for guns; discussing the type of substance, whether he had the gravel form or the powder form of the drug; how much money was going to be made; exchanges with Josh Hughes specifically about how to — about how to distribute, what to distribute, and what may be available. And we have a witness that would testify at trial that he had received a quantity of alpha-PVP from Mr. Bryan in order to — in exchange for him providing a cash amount to bond one of the distributors on the Tennessee side out of jail.

*Id.* at 57. Bryan stated he did not contest any of these facts. In his response to the government's motion to dismiss, Bryan states that he "did know that the 'bath salts' or 'gravel' in this case had a similar effect to a controlled substance. This is, of course, the reason that he consumed it." Reply Opp'n Gov't's Mot. Dismiss 1, ECF No. 967. He argues, however, that this knowledge was insufficient to satisfy the knowledge element as defined by *McFadden*.

There was sufficient circumstantial evidence against Bryan to satisfy the knowledge requirement as set forth in *McFadden*. The evidence established that Bryan knew he was selling bath salts, knew the effect of consuming bath salts, and treated and valued them as one would be expected to treat and value an illegal drug. He cannot meet his burden of establishing that, but for counsel's alleged failure to explain the *McFadden* decision, there is a reasonable probability that he

would not have pleaded guilty and would have insisted on going to trial. His argument that he did not know the chemical structure of Alpha-PVP is the same argument that was considered and rejected in *United States v. Newbold*, 686 F. App'x 181, 187 (4th Cir. 2017) (unpublished). Bryan's guilty plea was voluntary and intelligent, and he cannot show prejudice under *Strickland*. I will therefore grant the government's motion to dismiss as to Bryan's first asserted ground.

In his second ground, Bryan points to a note on a Bureau of Prisons form stating that he was convicted of "Possession of a Firearm During a Drug Trafficking Offense" and contends that there is no such federal crime. Mot. 6, ECF No. 938. He notes that the full phrases contained in 18 U.S.C. § 924(c) are "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm" and "in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Relying on the slight variation in wording contained on the BOP form, Bryan argues that his counsel was ineffective in allowing him to plead guilty to a non-existent crime.

This argument is frivolous. The magistrate judge properly explained to Bryan the offense with which he was charged and to which he was pleading guilty. The BOP's abbreviation of the name of the offense does not undermine the validity of his conviction. I will grant the government's motion as to Bryan's second asserted ground.

In his third ground, Bryan contends that counsel was ineffective in failing to ensure he was sentenced before he finished serving a related state sentence because once that sentence had been discharged, he was no longer eligible to receive credit for the state period of imprisonment under USSG § 5G1.3(b). That guideline provides, in relevant part:

> (b) If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

*Id.* The Fourth Circuit has held that this guideline does not apply where the defendant has already fully served his state sentence for related conduct at the time of sentencing. *See United States v. Thurston*, No. 98-4137, 1998 WL 795196, at *2 (4th Cir. Nov. 17, 1998) (unpublished); *United States v. Winslow*, No. 96-4742, 1997 WL 724497, at *1 (4th Cir. Nov. 20, 1997) (unpublished).

On this ground, Bryan again cannot show prejudice as required by *Strickland*. On December 10, 2015, Bryan was sentenced to two years in state custody by the Circuit Court of Russell County, Virginia, for possessing

ammunition and a firearm as a felon. Bryan represents that his state sentence was discharged on May 16, 2016, two weeks after his originally scheduled sentencing date in this court. His sentencing hearing was continued, however, and by the time of the rescheduled sentencing hearing, he was no longer in state custody.

When I sentenced Bryan on October 18, 2016, I considered the prior time he had served in state custody, but I decided not to grant him any credit for it because I found that the sentence I imposed was appropriate, even in light of his prior period of incarceration. I stated at the hearing:

> I recognize that Mr. Bryan has previously served a term in state court involving firearms. I'm not going to reduce Mr. Bryan's sentence because of that state sentence, although it may be considered relevant conduct to the present federal charges because I believe it was for somewhat different firearms offenses. It also was imposed by a different court, of course, and I believe that the sentence I'm imposing is the sentence that is sufficient, but not greater than necessary, to comply with the purposes that I'm required to follow.

Sent. Hr'g Tr. 15, ECF No. 944.

The guideline range for Count One was six to twelve months, and I sentenced Bryan to twelve months. On Count Twenty, there was a mandatory minimum sentence of sixty months, to be served consecutively, which is the sentence I imposed. The maximum term for Count Twenty was life in prison, but I sentenced Bryan to the lowest possible term of imprisonment on that count. The sentencing guidelines are not mandatory. *United States v. Booker*, 543 U.S. 220, 245 (2005). Even if I had sentenced Bryan while he was still serving his state

sentence, I would not have been required to give him credit under USSG § 5G1.3(b). As my comments on the record reveal, I would not have given him credit for that sentence regardless of whether it had been undischarged.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: December 4, 2018

/s/ James P. Jones
United States District Judge