# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | )<br>)<br>) Case No. 2:15CR00015-006<br>) |
| v. | ) **OPINION**<br>) |
| **JOHN ROMA BRYAN, III,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Erin M. Kulpa, Assistant United States Attorney, Charlottesville, Virginia, for United States; John Roma Bryan, III, Defendant Pro Se.*

Defendant John Roma Bryan, III, proceeding pro se, filed a motion seeking relief under 28 U.S.C. § 2255. The United States moved to dismiss the § 2255 motion, and I granted the government's motion to dismiss. *United States v. Bryan*, No. 2:15CR00015-006, 2018 WL 6323080 (W.D. Va. Dec. 4, 2018). Bryan appealed, and the court of appeals found that I "did not rule on Bryan's claims challenging the adequacy of the factual basis supporting his guilty plea to the firearm offense and asserting that counsel was ineffective at sentencing for failing to advise Bryan of U.S. Sentencing Guidelines Manual § 5K2.23, p.s. (2015), and to argue for a downward departure under that Guidelines provision." *United States v. Bryan*, 784 F. App'x 181, 181 (4th Cir. 2019) (unpublished). The court of appeals dismissed Bryan's appeal as interlocutory because I had not adjudicated all the issues, and it remanded the case to me for further consideration.

In the interest of brevity, I will not restate the procedural history, facts, and statements of law that I included in my earlier opinion; they are incorporated here by reference. In his Reply in Opposition to Government's Motion to Dismiss 3, ECF No. 967, Bryan contends, with respect to Ground Two, that his statement to the Court that he "bought and sold bath salts while in possession of a firearm, . . . was not a sufficient factual basis to support a conviction under [18 U.S.C. §] 924(c)." He offers no further argument on this point and simply cites *United States v. Maye*, 582 F.3d 622, 626–631 (6th Cir. 2009).

In his § 2255 motion, in relation to Ground One, Bryan asserts,

> Furthermore, I am actually innocent of the 924(c) charge, since I am not guilty of any drug trafficking crime prior to March 7, 2014, [before alpha-PVP was listed as a controlled substance] and only possessed the firearm for less than two days while alpha-PVP was a controlled substance. During that very short time period, I did not possess any alpha-PVP. Therefore there was no temporal or spatial nexus between the controlled substance and the firearm, and the firearm was not possessed in furtherance of, or used or carried in connection with, a drug trafficking crime.

§ 2255 Mot. Attach. 1, ECF No. 938-1. That argument is intertwined with Bryan's contention that he was not guilty because did not have the knowledge required under *McFadden v. United States*, 135 S. Ct. 2298, 2305 (2015). I thoroughly addressed Bryan's *McFadden* argument in my earlier opinion granting the government's Motion to Dismiss. *Bryan*, 2018 WL 6323080, at *2.

Regarding his contention that there was insufficient factual support for his § 924(c) conviction, as noted above, Bryan stated under oath that he was guilty because "I bought and sold bath salts while in possession of a firearm." Guilty Plea Hr'g Tr. 53, ECF No. 947. Additionally, the prosecutor proffered that "from Mr. Bryan's cell phone . . . there was discussion about trading alpha-PVP in exchange for guns." *Id.* at 57. Bryan expressly stated that he did not contest this fact. Bartering a firearm for a controlled substance analog or controlled substance undoubtedly satisfies the elements of § 924(c)(1)(A), which mandates a five-year minimum sentence for a person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Offering or accepting a firearm as payment for a controlled substance or controlled substance analog clearly constitutes possessing a firearm in furtherance of a drug trafficking crime. *See, e.g.*, *United States v. Howard*, 773 F.3d 519, 527 (4th Cir. 2014) (listing examples of evidence that could lead a factfinder to conclude that a firearm was possessed in furtherance of a drug trafficking crime). The prosecutor also proffered, and Bryan did not contest, that he admitted that he had been "participating in the distribution [of alpha-PVP] and had a weapon on him when he was encountered by law enforcement." Guilty Plea Hr'g Tr. 57, ECF No. 947. This is plainly a sufficient factual basis for

concluding that Bryan carried a firearm during and in relation to a drug trafficking crime, which also supports a conviction under § 924(c).

In *Maye*, the Sixth Circuit stated, "In ruling that mere possession of a firearm on the same premises as a drug transaction is insufficient to support a section 924(c) conviction, we have previously held that the firearm must be strategically located so that it is quickly and easily available for use." *Maye*, 582 F.3d at 626 (internal quotation marks and citation omitted). The facts in *Maye* significantly differed from those in this case. There, a sale of drugs took place "on the porch of a nearby apartment," and an informant testified "that he had seen a 'chrome-plated revolver' inside the defendant's apartment before leaving." *Id.* at 624. The court held that "such a coincidental presence of a firearm in the vicinity of a crime is insufficient to support a section 924(c) conviction." *Id.* at 630.

Here, Bryan admitted that he carried a firearm on his person while participating in the distribution of alpha-PVP. There was also evidence that he discussed trading firearms for alpha-PVP, a controlled substance analog and later a controlled substance. This evidence goes well beyond what the *Maye* court found to be insufficient.

Furthermore, Bryan was convicted in state court of possession of a firearm as a convicted felon, a charge that was based upon the same firearm, and the same March 2014 search of his home, that led to the § 924(c) charge in this case. The

fact that Bryan possessed a firearm despite being prohibited from doing so is additional evidence that he possessed the firearm in furtherance of drug trafficking. *See United States v. Moore*, 769 F.3d 264, 270 (4th Cir. 2014) (in finding evidence sufficient to support § 924(c) conviction, noting that "it was unlawful for Moore to possess any firearm as a convicted felon").

Because there was an adequate factual basis for his § 924(c) conviction, Bryan cannot establish that his counsel was ineffective in allowing him to plead guilty to that offense. I will therefore grant the government's motion to dismiss as to this claim.

As for Bryan's claim that his counsel "failed to attempt to secure a downward adjustment to his federal sentence under [U.S. Sentencing Guidelines Manual ("USSG")] Section 5K2.23," Reply 3, ECF No. 967, my analysis of this issue is identical to my earlier analysis of his claim that his attorney was ineffective for seeking a downward adjustment under USSG § 5G1.3. *See Bryan*, 2018 WL 6323080, at *3–4. USSG § 5K2.23 provides,

> A downward departure *may* be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. *Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.*

USSG § 5K2.23 (emphasis added).  The sentencing guidelines, of course, are not mandatory.  *United States v. Booker*, 543 U.S. 220, 245 (2005).

When I sentenced Bryan on October 18, 2016, I considered the prior time he had served in state custody, but I decided not to grant him any credit for it because I found that the sentence I imposed was appropriate, even in light of his prior period of incarceration.  I stated at the hearing:

> I recognize that Mr. Bryan has previously served a term in state court involving firearms.  I'm not going to reduce Mr. Bryan's sentence because of that state sentence, although it may be considered relevant conduct to the present federal charges because I believe it was for somewhat different firearms offenses.  It also was imposed by a different court, of course, and *I believe that the sentence that I'm imposing is the sentence that is sufficient, but not greater than necessary, to comply with the purposes that I'm required to follow*.

Sent. Hr'g Tr. 15, ECF No. 944 (emphasis added).

The guideline range for Count One was six to twelve months, and I sentenced Bryan to twelve months.  On Count Twenty, there was a mandatory minimum sentence of sixty months, to be served consecutively, which is the sentence I imposed.  The maximum term for Count Twenty was life in prison, but I sentenced Bryan to the lowest possible term of imprisonment on that count.  In other words, I sentenced Bryan well below his maximum possible sentence, and I found this sentence to be a reasonable sentence for the instant offense after considering his period of state incarceration.  *See* USSG § 5K2.23.  Even if counsel had requested a downward adjustment under USSG § 5K2.23, I would not have

granted one. Therefore, Bryan has failed to establish prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

For these reasons, along with the reasons stated in my earlier opinion dismissing the § 2255 motion, I will grant the government's motion to dismiss. Bryan's § 2255 motion will be dismissed and a separate final order will be entered herewith.

DATED: January 7, 2020

/s/ *JAMES P. JONES*
United States District Judge